LAW OFFICES OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY CLOSE,<br>Plaintiff,<br>v.<br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON;<br>Defendants. | CASE NO.<br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br>**[29 U.S.C. Section 1132]** |

Plaintiff, LARRY CLOSE (hereinafter referred to as "Plaintiff"), complains of Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, (hereinafter referred to as "LIBERTY" or "Defendant") as follows:

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan ("Plan") regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about November 30, 2016, at which time he was informed that LIBERTY had denied Plaintiff's appeal of the denial of his long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, DIGNITY HEALTH (hereinafter referred to as "DIGNITY HEALTH") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Kern County, residing within the Eastern District of the State of California.

7. On information and belief, LIBERTY insures the Plan and is contractually obligated to pay benefits for claims covered and approved through the Plan.

## FACTUAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 62, was employed by DIGNITY HEALTH as a Nurse Informatics and Documentation Specialist. Plaintiff worked for DIGNITY HEALTH until he became disabled on April 26, 2015.

///

///

9. Plaintiff first became disabled on April 26, 2015 due to myopathy unspecified, fibromyalgia with malaise and chronic fatigue.

10. The DIGNITY HEALTH Disability Plan under which Plaintiff was covered states:

"'Disability' or 'Disabled' means:

(i) that during the elimination period and the next 24 months of disability the covered person as a result of injury or sickness is unable to perform the material and substantive duties of his own occupation, and

(ii) thereafter the Covered Person is unable to perform with reasonable continuity, the material and substantive duties of any occupation ...".

11. Plaintiff was examined by two of his doctors who diagnosed the conditions stated in Paragraph 9 above.

12. Dr. Bazmi, Plaintiff's primary care physician, has clearly indicated that Plaintiff is unable to perform the duties of his occupation due to fibromyalgia and chronic fatigue.

13. Plaintiff was certified by the State of California as being totally disabled and received benefits from April 26, 2015 until April 25.

14. Defendant paid benefits until May 23, 1016, at which time, Plaintiff was denied further LTD benefits despite receiving substantial medical evidence supporting Plaintiff's continued disability. Since the denial was within the first 24 months, the definition of total disability is the inability to perform the material and substantial duties of his own occupation.

///

///

///

///

15. When the claim was initially denied, a record review was done by Dr. Tallapureddy, a consulting physician retained by Liberty, who, oddly enough, never even considered the diagnosis of fibromyalgia in his analysis, even though this diagnosis was diagnosed as early as October of 2012. Dr. Tallapureddy mentions no laboratory abnormalities to support disability when it is established that fibromyalgia cannot be diagnosed by laboratory tests. This has been confirmed by the U.S. District Court in *Lavino v. MetLife*, 779 S Supp 2d 1095 (2011).

16. At no time did Defendant ever require Plaintiff to submit to a medical examination which was permitted under the Policy.

17. Plaintiff further alleges Defendant hired Dr. Klein, a new doctor, who conducted a record review which presented new contentions, thus violating Plaintiff's right to a fair and full review. His opinions should be stricken from the record.

18. On November 30, 2016, Plaintiff's appeal was denied and all administrative remedies have been exhausted.

## FIRST CLAIM FOR RELIEF

**For Damages and Benefits Against Defendant LIBERTY**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

19. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

20. The records will show that Plaintiff has submitted substantial medical evidence based on actual physical examinations and Defendants have relied simply on record reviews.

21. Regardless of whether there is or is not discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

22. As a direct and proximate result of LIBERTY's wrongful denial of LTD benefits, Plaintiff contends LIBERTY has breached the contract by not paying monthly benefits, at a rate of $5,044.51 per month from May 24, 2016 to the present and continuing.

23. As a further direct and proximate result of the denial of benefits, and due to Defendant's unreasonable denial, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him, under the terms of the LTD Plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

## <u>FIRST CLAIM FOR RELIEF</u>

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $5,044.51 per month from May 24, 2016 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: January 3, 2017 LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFF
LARRY CLOSE